districts other than the Northern District of Georgia to that district for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A be, and the same hereby is, DENIED.

#### SCHEDULE A

**Southern District of Florida**

| | |
|---|---|
| Maureen Cox v. Delta Air Lines, Inc. | Civil Action No. 75-1639-Civ.-CA |

**Northern District of Georgia**

| | |
|---|---|
| Equal Employment Opportunity Commission v. Delta Air Lines, Inc. | Civil Action No. 75-404-A |

**Southern District of Texas**

| | |
|---|---|
| Equal Employment Opportunity Commission v. Delta Air Lines, Inc. | Civil Action No. 74-H-918 |
| Lynn T. Mauzy, et al. v. Delta Air Lines, Inc. | Civil Action No. 74-H-918 |

---

### In re BRANIFF AIRWAYS, INC. EMPLOYMENT PRACTICES LITIGATION.

No. 226.

Judicial Panel on Multidistrict Litigation.

March 1, 1976.

Motion was made for consolidated or coordinated pretrial proceedings in connection with four actions brought against common employer and various unions dealing with claims of employment discrimination. The Judicial Panel on Multidistrict Litigation held that where it appeared that only one action involved systemwide collective bargaining contract provisions relating to seniority and job assignments, while the other actions appeared to involve chiefly claims of discriminatory discharges relating to named plaintiffs only, transfer would not necessarily serve convenience of parties and witnesses or promote just and efficient conduct of litigation.

Motion for transfer denied.

Courts ⟶277.2

Where only one of the four actions against common employer and various local and international unions centered on systemwide issues regarding collective bargaining contract while the other actions chiefly involved allegations of discriminatory discharges of named plaintiffs only, consolidated or coordinated pretrial proceedings would not necessarily serve the overall convenience of parties and witnesses or promote the just and efficient conduct of litigation and motion for transfer was denied; an additional ground for denial was that considerable discovery had been accomplished in one action and trial date had been set in another. Civil Rights Act of 1964, § 701 et seq. as amended 42 U.S.C.A. § 2000e et seq.; 42 U.S.C.A. § 1981; 28 U.S.C.A. § 1407.

Before ALFRED P. MURRAH[*], Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD[*], EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

### OPINION AND ORDER

PER CURIAM.

This litigation consists of four actions in three districts: two in the Western District of Texas, one in the Northern District of Texas and one in the Western District of Missouri. Braniff Airways, Inc. is the sole defendant in the *Mitchell* action in Western Missouri and, together with various local and international unions,[1] is also a defendant in all other actions in the litigation.

---

[*] Judges Murrah and Weinfeld were unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.

1. The *High* action in Western Texas includes the broadest array of additional defendants: (1) The International Brotherhood of Machinists & Aerospace Workers (IAM); (2) District

All plaintiffs allege that the defendants named in their respective actions engaged in discriminatory employment practices in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. For example, plaintiff Forte in his action in the Western District of Texas claims that he was illegally discharged from his employment with Braniff because of his race. This conclusory allegation is based on Forte's claim that Braniff, together with the union defendants in that action, limited blacks to lower paying jobs; that they refused to permit transfer from lower paying to higher paying positions, such as Customer Service Agent; that he was discouraged from applying for such a position during his employment with Braniff; and that he was discharged from his employment because he filed a discrimination charge with the Equal Employment Opportunity Commission. Plaintiffs in the *Mitchell* and *Lamar* actions likewise allege that specific discriminatory acts on the part of the various defendants resulted in the termination of their employment by Braniff.

The *High* action in the Western District of Texas, unlike the other three actions in this litigation, was brought as a class action by ten black named plaintiffs, each of whom is presently employed by Braniff and has been a member in good standing of the IAM and/or IBT unions. Indeed, that action has already been certified as a class action on behalf of all Braniff's black employees who are employed in positions covered by the IAM and IBT unions and all black and Spanish-surnamed applicants for employment in those positions. Moreover, the Equal Employment Opportunity Commission has intervened as a plaintiff in *High*.

This matter is before the Panel on Braniff's motion, in which all the IBT defendants join, to transfer all actions in this litigation to the Northern District of Texas for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Plaintiffs in *Mitchell*, *Forte* and *High* oppose the motion, as does the EEOC, plaintiff-intervenor in *High*. Alternatively, the *High* plaintiffs ask the Panel to transfer this litigation to the Western District of Texas. We find that the requested transfer would not necessarily serve the overall convenience of the parties and witnesses or promote the just and efficient conduct of the litigation and, accordingly, we deny the motion.

In our recent opinion in *In re Ryder Truck Lines, Inc. Employment Practices Litigation*, 405 F.Supp. 308 (Jud.Pan.Mult. Lit.1975), we analyzed two of our prior decisions in employment practices litigation: *In re Roadway Express Employment Practices Litigation*, 384 F.Supp. 612 (Jud.Pan.Mult.Lit.1974) (transfer ordered) and *In re Trucking Industry Employment Practices Litigation*, 384 F.Supp. 614 (Jud.Pan.Mult.Lit.1974) (transfer denied). As we there observed, the crucial factor favoring transfer in *Roadway Express* was the similarity of the class allegations in the complaints and our desire to ensure that the possibility of inconsistent class determinations was eliminated. *In re Ryder Truck Lines, Inc. Employment Practices Litigation, supra* at 309. See also *In re National Airlines, Inc. Maternity Leave Practices and Flight Attendant Weight Program Litigation*, 399 F.Supp. 1405, 1407 (Jud.Pan.Mult.Lit. 1975); *In re Eastern Airlines, Inc. Flight Attendant Weight Program Litigation*, 391 F.Supp. 763, 764 (Jud.Pan.Mult.Lit. 1975). Our denial of transfer in *Trucking Industry*, we noted, was predicated on the absence of such competing requests for class determinations and, *inter alia*, the involvement primarily of specific local acts of alleged discrimination in two of the three actions there before us, in contrast to broader issues involved in

---

146, IAM; (3) Lodge 2210, IAM; (4) The International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (IBT); (5) Airline Division, IBT; and (6) Local 19, IBT. The *Forte* action in Western Texas includes these same IBT defendants as well as Local 968, IBT. The sole additional defendant in the *Lamar* action in Northern Texas is Local 19, IBT.

the third action. *In re Ryder Truck Lines, Inc. Employment Practices Litigation, supra* at 309.

Movants insist that transfer is appropriate here because each of these actions raises factual questions involving the system-wide, Braniff-IBT contract and its provisions for seniority and job assignments. As we read the complaints in these actions, however, only the *High* action centers on such system-wide issues. The three remaining actions, on the other hand, appear to involve chiefly allegations of discriminatory discharges relating to the named plaintiffs only. Although there may well be some common areas of factual inquiry among all actions, the dichotomy between the broadness of *High* and the primarily local focus of the other actions, coupled with the absence of competing requests for class certifications, brings this litigation within the ambit of our decision in *Trucking Industry* and, as a result, leads us to the conclusion that Section 1407 treatment is unwarranted.

Furthermore, we are advised that considerable discovery as well as other pretrial proceedings have been accomplished in *High* and that, indeed, the court has set a cutoff date for discovery in this action. It also appears that a trial date has been set by the court in *Lamar*. Thus, the present posture of these two actions provides an additional reason why transfer under Section 1407 of the actions now before us would neither serve the convenience of the parties and witnesses nor promote the just and efficient conduct of the overall litigation. *See In re Grand Funk Railroad Trademark Litigation*, 371 F.Supp. 1084, 1085 (Jud.Pan.Mult.Lit.1974).

It is therefore ordered that the motion to transfer the actions listed on the following Schedule A be, and the same hereby is, denied.

### SCHEDULE A

#### Western District of Texas

| | |
|---|---|
| Frederick H. High, et al. v. Braniff Airways, Inc., et al. | Civil Action No. SA73-CA-208 |
| Joseph W. Forte v. Braniff Airways, Inc., at al. | Civil Action No. SA75-CA-204 |

#### Northern District of Texas

| | |
|---|---|
| Louis Lamar v. Braniff Airways, Inc., et al. | Civil Action No. CA3-74-915-F |

#### Western District of Missouri

| | |
|---|---|
| Samuel Mitchell v. Braniff International | Civil Action No. 75CV407-1 |